IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| FREDERICK KEITH DARTY and CAROLYN DARTY, § § § § | |
| Plaintiffs, § § | |
| v. § | Cause No. 7:15-CV-159-O-KA |
| § KYLA BAKER, et al, § § | |
| Defendants, § § | |

REPORT AND RECOMMENDATION

By order of reference (ECF-10) this *pro se* civil rights case was referred to the undersigned for screening under 28 U.S.C. § 1915 and for pretrial management.

A review of the complaint in this case reveals that it is substantially, if not exactly, similar to the complaint in Cause No. 5:15-CV-162 out of the Lubbock Division of the Northern District of Texas which was dismissed with prejudice by the Honorable District Judge Sam Cummings on July 15, 2015. The parties in the two cases are the same with the exception of the omission of Georgia Darty, apparently a sister to Frederick Keith Darty, as a party-plaintiff in this case. And most of the allegations of both cases are essentially alike, even word for word.[1]

The allegations in this case are as unintelligible and vague as those same allegations in the former case which that court dismissed with prejudice as being frivolous under § 1915 (e)(2)(B)(1). The three named defendants Kyla Baker, Jorge DeLeon and Brenda Baker, were employees of the branch of Baleon Corporation d/b/a Trilogy Guardian Services (Baleon) in Lubbock, Texas. An

---

[1] A comparison of the complaints in both cases reflects that a "Cut and Paste" method was used to pull the language from the former case to insert in the complaint in this case.

internet search reveals that Trilogy Guardian Services (Trilogy) is a statewide private agency providing guardianship service for mentally disabled individuals.[2] Attached to the complaint in the prior case was a copy of a guardianship order out of the County Court of Lubbock County, Texas dated July 22, 2013 appointing Baleon Corporation d/b/a Trilogy Guardian Services (Baleon) as a permanent personal guardian for Fredrick Keith Darty.[3] The guardianship order grants Baleon full authority; "(e) To provide for the personal well-being and medical needs of the ward, including but not limited to, placing the ward in a nursing home or other residential care facility which may be required for the health and well-being of the ward, by whatever means are necessary including transportation by ambulance or law enforcement agency."

Also attached to the Lubbock complaint was a copy of an indictment of Fredrick Darty for the offense of retaliation (threatening on October 29, 2013 to kill Kyla Baker, an employee of Trilogy, his court appointed guardian).[4] Following a court ordered competency exam, the criminal case was dismissed June 19, 2014 due to the Defendant being found incompetent.[5]

While using words of art in civil rights cases like "deprivation," "bad faith," "deliberate indifference," and "equal protection," the balance of the complaint in this court is a garbled collection of unconnected gibberish. Giving as broad an interpretation as possible to the language used by the *pro se* litigant(s), it appears that they seek monetary damages (compensatory and exemplary) for some unspecified "injury" to Frederick Keith Darty, the son of Carolyn Darty, arising from his placement by his guardian at a facility at 3 Redford Terrace, Wichita Falls, Texas.

---

[2]   http://www.trilogyguardians.com/.

[3]   5:15-CV-162, ECF-1, pp.16-18.

[4]   *Id*. at p.22.

[5]   *Id*. at 37.

An internet search reflects that the street address, 3 Redman Terrace, Wichita Falls, Texas, mentioned in the complaint in this court is the address of a residential independent senior living community facility providing assisted living services and operating under the local name Hal Davis, Jr.[6] Hal Davis, Jr. is the founder of D & S Community Services, an private agency that provides residential group homes for individuals with intellectual and developmental disabilities in Texas, Tennessee and Kentucky.[7]

The placement of Fredrick Keith Darty, an adjudicated incompetent, by his guardian in a facility is wholly within the authority granted in the guardianship order. To the extent the complaint challenges that placement, it is a challenge that must be addressed by the state court and as such is outside of the subject matter jurisdiction of this court. I find that the complaint fails to state a claim and is frivolous.

Since the dismissal of the previous complaint by the Lubbock court was not "on the merits" and the complaint in this court alleges a different and subsequent placement of Fredrick Darty, I conclude that the bar of *res judicata* does not apply.

Accordingly, I recommend to the District Court that the complaint be dismissed without prejudice but with a warning against further frivolous filings.

It is so ORDERED, this 12th day of November, 2015.

*Robert K. Roach*
Robert K. Roach
**UNITED STATES MAGISTRATE JUDGE**

---

[6] http://www.seniorliving.net/TypesOfCare/Facility/15107/Wichita%20Falls/TX/76308/

[7] *See* http://www.dscommunity.com/about-us/

Standard Instruction to Litigants

     A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     It is so ORDERED, this 12th day of November, 2015.

                                             Robert K. Roach
                                             UNITED STATES MAGISTRATE JUDGE